UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

-oOo-

| | |
|---|---|
| RANDAL DOCK, on behalf of Jasminh Young-Dock<br><br>Plaintiff,<br><br>vs.<br><br>MELINDA MARIE YOUNG,<br>TERRANCE GLEN YOUNG,<br><br>Defendants. | 2:10-CV-00967-PMP-PAL<br><br><br><br>**ORDER** |

Before the Court for consideration are Defendants' Motion to Dismiss Plaintiff's Compliant (Doc. #7) and Plaintiff Dock's Motion to Amend/Clarify Claim Upon Which Relief Can Be Granted (Doc. #10). Because Plaintiff's allegations fail to state a claim upon which relief may be granted, the Court finds that Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. #7) should be granted without prejudice, and Plaintiff should be permitted a reasonable time to attempt to cure the defects in his Complaint if he can do so. Additionally, because Plaintiff's Motion to Amend/Clarify Claim (Doc. #10) fails to effectively address the deficiencies in Plaintiff's current Complaint, the Court finds that Plaintiff's Motion to Amend/Clarify Complaint (Doc. #10) should be denied.

///

///

///

**Factual Background**

Plaintiff Randal Dock and Defendant Melinda Young ("Melinda") are the parents of Jasminh Young-Dock ("Jasminh"). (Compl. (Doc. #1) at 2.) Plaintiff and Melinda "have been in a hotly contested child custody case." (Id. at 3 (emphasis omitted).) Plaintiff alleges that Melinda and Melinda's current husband, Defendant Terrence Young, made false allegations that Plaintiff sexually abused Jasminh. (Id. at 1; Pl.'s Mot. to Amend/Clarify Claim (Doc. #10) ["Pl.'s Mot. to Amend"] at 2.)

Plaintiff attaches to his Complaint various exhibits, including Las Vegas Metropolitan Police Department ("LVMPD") reports and the transcript of Child Protective Services caseworker Lisa Ford's ("Ford") interview of Melinda. Those documents indicate that Melinda contacted LVMPD on September 11, 2006 to report that Plaintiff sexually abused Jasminh between September 6 and September 9, 2006. (Compl., Ex. 1) On September 13, 2006, Ford interviewed Jasminh, who was three years old at the time, and Jasminh disclosed to Ford that Plaintiff had touched her in a manner that indicated sexual abuse. (Id.) In a separate interview on September 13, 2006, Melinda reported to Ford that Jasminh previously disclosed similar inappropriate contact to Melinda. (Id., Ex. 7.) In that interview, Ford told Melinda, "[w]ith the information that [Jasminh has] given me, we're going [to] do a psyche plan . . . where [Plaintiff is] not going to have any contact [with Jasminh] until I say otherwise." (Id. at 17-18.) Based on Defendants' allegations of sexual abuse, Defendants obtained a temporary restraining order against Plaintiff, which prohibited Plaintiff from contacting Jasminh or Melinda. (Compl., Ex. 2.)

Plaintiff claims that Defendants' allegations of sexual abuse resulted in the "false arrest," "wrongful incarceration," and "wrongful prosecution" of Plaintiff. (Compl. at 1.) Plaintiff further alleges that Defendants' accusations wrongfully severed Plaintiff's parental rights and that Plaintiff endured "emotional [and] mental anguish, [and] psychological distress." (Id.) On January 10, 2008, Plaintiff was found not guilty of the underlying

criminal charge. (Id., Ex. 5.) On April 7, 2009, the Clark County District Court ordered that Plaintiff and Melinda shall maintain joint custody of Jasminh. (Id., Ex. 10.)

Plaintiff's Complaint alleges damages under the Fourteenth Amendment and 42 U.S.C. § 1983. (Compl. at 1-2.) In his Complaint, Plaintiff alleges that Defendants falsely reported that Plaintiff sexually abused Jasminh, causing Plaintiff damages. (Id.) Defendants filed a motion to dismiss Plaintiff's Complaint because Plaintiff did not allege that Defendants acted under the color of law, and therefore Plaintiff failed to state a viable claim. (Def. Mot. to Dismiss Pl.'s Compl. at 2.) Plaintiff responded by filing his Motion to Amend.

In his Motion to Amend, Plaintiff seeks damages under 42 U.S.C. § 1983, 42 U.S.C. § 1985(2) and (3), and the Fourteenth Amendment to the United States Constitution. (Pl.'s Mot. to Amend at 1.) Plaintiff claims that Defendants violated § 1983, § 1985, and the Fourteenth Amendment by conspiring with a state caseworker to deprive Plaintiff of familial association with his daughter. (Id. at 4, 6.) Specifically, Plaintiff states, "Melinda in concert with CPS caseworker Ms. Ford advocated suspension to presiding custody judge, who was adjudicating original motion to terminate child support issue." (Id. at 4.) Plaintiff states that Defendants "were able [to] get the intervention of Clark County Dep't of Family Services . . . Child Protective Services . . . caseworker(s) to conspire, in concert with them, and testify before the court . . . to adjudicate favorabl[y] on their behalf." (Id. at 6.)

Plaintiff also states, "Melinda and Ms. Ford . . . engaged in conspiracy . . . where they acted in concert and instituted a safety assessment plan . . . two days after allegations began" and that "[a]t this early of a point no credible set of facts were established or investigated to justify implementation of a safety plan." (Id.) Plaintiff further contends that "[i]nstead of being without bias, Ms. Ford sided with Melinda" and "they sheparded the unfounded allegation(s) thr[ough] Juvenile court, TPO court, and criminal court . . . ." (Id.) Plaintiff states further that Ford "admitted that she never substantiate[d] the allegations

3

against" Plaintiff, and that "[s]he was cited on two occasions [on 10/20/2006 and 10/18/2007] by the court violating [Plaintiff's] civil and constitutional rights." (Id.) (second brackets in original). In response to Plaintiff's Motion to Amend, Defendants argue that Plaintiff still fails to state a claim upon which relief may be granted because Plaintiff fails to allege that Defendants acted under the color of law.

**Discussion**

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Such a statement is necessary to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." William O. Gilley Enters., Inc. v. Atl. Richfield Co., 588 F.3d 659, 667 (9th Cir. 2009) (per curiam) (quotation omitted). Dismissal of a claim under Rule 12(b)(6) for failure to state a claim is appropriate when the complaint fails to satisfy Rule 8(a). Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

To survive a Rule 12(b)(6) motion, the plaintiff must do more than merely assert legal conclusions; rather, the complaint must contain sufficient factual allegations to provide plausible grounds for entitlement to relief. Id. at 555-56 (mere recitation of the legal elements of a cause of action is insufficient to survive a Rule 12(b)(6) motion). In deciding a Rule 12(b)(6) motion, the court generally looks to the complaint and documents attached thereto. Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Additionally, while "[a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," "pro se litigants must follow the same rules of procedure that govern other litigants." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotations omitted); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

In Twombly, the plaintiffs alleged that defendant telecommunication service providers conspired to restrain trade, thereby inflating charges for telephone and internet

services.  550 U.S. at 549-50.  The plaintiffs alleged that the defendants "entered into a contract, combination or conspiracy to prevent competitive entry in their respective . . . markets and . . . agreed not to compete with one another."  Id. at 551 (internal quotations omitted).  The plaintiffs based their allegation on the defendants' "parallel course of conduct . . . to prevent competition."  Id.  The Court held that the plaintiffs' allegation of an unlawful "contract, combination or conspiracy" was a legal conclusion, and therefore, was not sufficient to survive a Rule 12(b)(6) motion.  Id. at 564 & n.9.

Next, the Court addressed the plaintiffs' allegation of parallel behavior.  Id. at 567.  "Acknowledging that parallel conduct was consistent with an unlawful agreement, the Court nevertheless concluded that it did not plausibly suggest an illicit accord because it was not only compatible with, but indeed was more likely explained by, lawful, unchoreographed free-market behavior."  Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1950 (2009) (citing Twombly, 550 U.S. at 567).

**I. 42 U.S.C. § 1983**

Plaintiff raises a claim under § 1983, alleging that Defendants violated his constitutional right to "familial association with [his] daughter." (Compl. at 4.)  Plaintiff's Complaint alleges Defendants falsely reported that Plaintiff sexually abused Jasminh, and that those false allegations in turn deprived Plaintiff of familial association with Jasminh. (Compl. at 4, 5, 10.)  Defendants filed a motion to dismiss, arguing that Plaintiff's claims fail because Plaintiff does not allege that Defendants acted under the color of law. (Def. Mot. to Dismiss Pl.'s Compl. at 2.)  Plaintiff responded by filing his Motion to Amend. There, Plaintiff alleges that Defendants acted under the color of law because Defendants conspired with a Clark County caseworker to deny Plaintiff contact with Jasminh. (Pl.'s Mot. to Amend at 6.)

Title 42 U.S.C. § 1983 creates a private civil remedy for a plaintiff who has suffered from a violation of its constitutional rights at the hands of a person acting under the "color

of law." "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." Long v. Cnty. of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).

Defendants acted "under color of law" if they acted in the performance of official duties under any state, county, or municipal law. McDade v. West, 223 F.3d 1135, 1139-40 (9th Cir. 2000). Courts generally apply one of the following four tests to determine whether the alleged violation of a private actor is attributable to the government: "(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus." Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003) (quotation omitted).

Because Plaintiff only alleges facts relevant to the joint action test, the Court needs to review only that test. "Under the joint action test, courts examine whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights." Franklin v. Fox, 312 F.3d 423, 445 (9th Cir. 2002) (quotation omitted). "The test focuses on whether the state has 'so far insinuated itself into a position of interdependence with [the private actor] that it must be recognized as a joint participant in the challenged activity.'" Id. (alteration in original) (quoting Gorenc v. Salt River Project Agric. Improvement & Power Dist., 869 F.2d 503, 507 (9th Cir. 1989)). "A plaintiff may demonstrate joint action by proving the existence of a conspiracy or by showing that the private party was a willful participant in joint action with the State or its agents." Id. at 445 (quotation omitted). However, courts require a "substantial degree of cooperation" before imposing liability on private parties for joint action with government actors. Id.; see also Collins v. Womancare, 878 F.2d 1145, 1155 (9th Cir. 1989) ("merely complaining to the police does not convert a private party into a state actor"). Additionally, to establish liability for conspiracy between a government actor and a private actor, Plaintiff must show "an agreement or meeting of the minds to violate constitutional rights." Crowe

1  v. Cnty. of San Diego, 608 F.3d 406, 440 (9th Cir. 2010) (quotation omitted).

2        Here, Plaintiff's Complaint is inadequate because it fails to allege that Defendants acted under the color of law altogether.  Plaintiff's Motion to Amend also fails.  In his Motion to Amend, Plaintiff has couched as a factual allegation the legal conclusion that Ford conspired with Defendants to deny Plaintiff custody of Jasminh.  (Pl.'s Mot. to Amend at 6.)  Other than this conclusory allegation, Plaintiff's only factual allegation is that Ford instituted "a safety assessment plan . . . two days after allegations [that Plaintiff sexually abused Jasminh] began" that denied Plaintiff contact with Jasminh, and that "[a]t this point no credible set of facts were established or investigated to justify implementation of a safety plan."  (Id.)  In other words, Plaintiff argues that Defendants falsely alleged that Plaintiff sexually abused Jasminh, Ford denied Plaintiff contact with Jasminh shortly thereafter, and the only explanation for Ford's conduct is that Defendants and Ford conspired to wrongly deny Plaintiff contact with Jasminh.

      As was the case in Twombly, while the conduct of Ford is consistent with an unlawful agreement, the conduct does not plausibly suggest such an agreement because the same set of facts is more likely explained as Ford's reasonable reaction to Jasminh's disclosure that Plaintiff touched her in an inappropriate manner.  Therefore, Plaintiff fails to state a valid claim under § 1983 in both his Complaint and his Motion to Amend.

**II. 42 U.S.C. § 1985(2)**

      Title 42 U.S.C. § 1985 creates a private civil remedy for specific instances of conspiracy.  In his motion to amend, Plaintiff seeks to assert a claim under § 1985(2), contending that Defendants "knowingly entered into a conspiracy on unfounded TPO allegations that undermined the original issue."  (Pl.'s Mot. to Amend at 6.)  Plaintiff states further that "Melinda and Ms. Ford . . . engaged in conspiracy pursuant to § 1985(2)(3) . . . ."  (Id.)  Section 1985(2) has two clauses.  Kush v. Rutledge, 460 U.S. 719, 725 (1983).

///

Plaintiff does not specify whether he alleges violations of the first or second clause of § 1985(2).  Regardless, Plaintiff's claim fails under both clauses.

### A. First Clause of 42 U.S.C. § 1985(2)

Plaintiff does not state a valid claim under the first clause of § 1985(2) because Plaintiff does not state that Defendants attempted to influence a federal court proceeding.  The first clause of § 1985(2) provides relief "[i]f two or more persons . . . conspire to . . . influence the verdict, presentment, or indictment of any grand or petit juror in any [court of the United States] . . . ."  Plaintiff contends that ". . . Melinda was caught coaching our daughter to alter the outcome of a court ordered psychological exam . . ." and that ". . . Defendant and her current spouse have not been entirely candid with the Court and have admittedly misled the Court on prior occasions in order to achieve desired results."  (Compl. at 1; Pl.'s Mot. to Amend at 2.)  While this sets forth an attempt by Defendants to influence a state court verdict, there is no violation of the first clause of § 1985(2) because that clause only applies to conduct that influences federal court proceedings.  Portman v. Cnty. of Santa Clara, 995 F.2d 898, 909 (9th Cir. 1993).

### B. Second Clause of 42 U.S.C. § 1985(2)

Plaintiff does not state a valid claim under the second clause of § 1985(2) because Plaintiff does not state that Defendants' acts were motivated by class-based animus.  The second clause of § 1985(2) provides relief ". . . if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws . . . ."  This clause protects against private conspiracies aimed at obstructing justice in state courts based on discriminatory animus.  See Portman, 995 F.2d at 909.  To survive a motion to dismiss, the plaintiff must plead facts sufficient to allege (1) obstruction of justice (2) motivated by class-based animus.  Id.

///

Here, Plaintiff asserts that Defendants "deprived [him] of his familial association with his daughter." (Pl.'s Mot. to Amend at 2, 6.) He also vaguely asserts that allegations of child abuse and child neglect in child custody cases have a discriminatory effect on fathers. (Id. at 1-2 (stating "[t]his case in chief originates from child custody cases where the implementation of abuse/neglect allegations and temporary protective order (TPO) motions are highly effective in 1] achieving custody 2] maintaining custody and 3] overturning custody . . . . The accused (predominately fathers) have to endure multiple court cases and tens of thousands of dollars in costs . . .").)

Plaintiff, however, fails to allege that Defendants were motivated by any class-based animus. Plaintiff's pleadings indicate that Defendants' motivation was to maintain sole custody of their child and to make sure that the court did not terminate child support. (Compl. at 5. ("Melinda's ulterior motives to end the familial relationship between father and child [through] imprisonment and severed parental rights were exposed . . ."); (Pl.'s Mot. to Amend at 2, 3) (stating Plaintiff "filed a motion to terminate child support and that is where this issue arises").) Because Plaintiff has not alleged that Defendants' conduct "denied him access to state courts because he was a member of a protected class," Plaintiff "has no cause of action for denial of access to state court." Portman, 995 F.2d at 909 (emphasis omitted).

**III. 42 U.S.C. § 1985(3)**

Plaintiff also seeks relief under 42 U.S.C. § 1985(3). (Pl.'s Mot. to Amend at 6.) However, Plaintiff does not bring a valid claim under § 1985(3) because Plaintiff does not assert that Defendants' acts were motivated by class-based animus. As applicable here, § 1985(3) provides relief "[i]f two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . ."
///

"To bring a cause of action successfully under § 1985(3), a plaintiff must allege and prove four elements: '(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.'" Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992) (quoting United Bhd. of Carpenters & Joiners of Am., Local 610 v. Scott, 463 U.S. 825, 828-29 (1983)); see also Thornton v. City of St. Helens, 425 F.3d 1158, 1168 (9th Cir. 2005). To comply with the second element, the complaint must allege that the deprivation was motivated by "some racial, or perhaps other class-based, invidiously discriminatory animus." Orin v. Barclay, 272 F.3d 1207, 1217 (9th Cir. 2001) (quotation and emphasis omitted). Section 1985(3) extends "beyond race only when the class in question can show that there has been a governmental determination that its members require and warrant special federal assistance in protecting their civil rights." Sever, 978 F.2d at 1536 (quotation omitted). As discussed previously, Plaintiff fails to assert any class-based motivation behind Defendants' acts. Therefore, the Court should will Plaintiff's Motion to Amend.

**IV. Fourteenth Amendment**

As is required in suits brought under § 1983, cases arising under the Fourteenth Amendment must be fairly attributable to the government. Kirtley, 326 F.3d at 1092 (citing Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982)); see also Single Moms, Inc. v. Montana Power Co., 331 F.3d 743, 747 (9th Cir. 2003) (listing, in a Fourteenth Amendment case, the same tests used in a § 1983 case to determine whether actions of a private actor are attributable to the government). Therefore, just as Plaintiff fails to state a claim upon which relief may be granted under § 1983 because Plaintiff does not sufficiently allege that

///

Defendants' actions are fairly attributable to the government, Plaintiff fails to state a claim under the Fourteenth Amendment for the same reason.

**V. Leave to Amend**

It is a "longstanding rule that [l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quotation omitted). "The law is clear that before a district court may dismiss a pro se complaint for failure to state a claim, the court must provide the pro se litigant with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992), overruled on other grounds by WMX Tech., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997). Therefore, while it is unclear to the Court that Plaintiff will be able to state a viable claim under § 1983, § 1985, or the Fourteenth Amendment, the Court will grant Plaintiff leave to amend if he can do so.

**IT IS THEREFORE ORDERED** that Plaintiff Randal Dock's Motion to Amend/Clarify Claim Upon Which Relief Can Be Granted (Doc. #10) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Plaintiff's Compliant (Doc. #7) is **GRANTED** and that Plaintiff's Complaint is hereby **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff shall have to and including **November 22, 2010**, within which to file an Amended Compliant consistent with this Court's Order.

DATED: October 22, 2010.

_____
PHILIP M. PRO
United States District Judge