**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RANDAL DOCK, et al., <br><br>                Plaintiff, <br><br>vs. <br><br>MELINDA MARIE YOUNG, et al., <br><br>                Defendants. | Case No. 2:10-cv-00967-RCJ-PAL <br><br>**ORDER** <br><br>(Mtn for Sanctions - Dkt. #28) <br>(Mtn for Sanctions - Dkt. #34) <br>(Mtn to Stay - Dkt. #36) <br>(Mtn for Sanctions - Dkt. #40) |

This matter is before the court on Defendants Melinda Marie Young's and Terrance Glen Young's Motion for Sanctions Against Plaintiff (Dkt. #28); Plaintiff Randal Dock's Motion for Sanctions Against Defendants (Dkt. #34), Defendants' Opposition (Dkt. #35), and Plaintiff's Reply (Dkt. #37) ; Defendants Counter-Motion to Stay (Dkt. #36) and Plaintiff' Response (Dkt. #37); and Plaintiff' Motion for Sanctions (Dkt. #40). The court has considered the various filings.

**I.       Defendants' Motion for Sanctions (Dkt. #28).**

On December 21, 2010, Plaintiff filed a Motion for Sanctions (Dkt. #24) that the court denied in an Order (Dkt. #32) entered January 13, 2011. In response to that Motion for Sanctions, Defendants filed a document, which the Clerk docketed as a Response (Dkt. #25), a Motion to Dismiss (Dkt. #26), a Motion to Declare Plaintiff a Vexatious Litigant (Dkt. #27), and a Motion for Sanctions (Dkt. #28). The District Judge entered an Order on Dkt. ##26, 27, and 29, noting that the undersigned had ruled on the Motion for Sanctions. It appears that, because of the numerous filings made in this case requesting the same relief, the instant Motion for Sanctions (Dkt. #28) was never ruled upon.

/ / /

/ / /

1    Defendants request sanctions be entered against Plaintiff "for his abuse of process" in requiring
2    them to respond to Plaintiff' Motion for Sanctions (Dkt. #24).  Defendants have not established good
3    cause to sanction Plaintiff for filing his motion complaining Defendants had not complied with their
4    discovery obligations.  Defendants' Motion for Sanctions (Dkt. #28) is therefore denied.

**II.    Plaintiff' Motion for Sanctions (Dkt. #34).**

Plaintiff requests the court compel Defendants to respond to requests for written discovery propounded to them on January 18, 2011, and that Defendants be sanctioned for their failure to timely respond.  Plaintiff asserts that, on February 22, 2011, he sent Defendants a letter attempting to get them to respond to the discovery requests, "to no avail."

In response, Defendants assert there has been no case conference in this case to determine appropriate discovery.

Plaintiff replies that no Rule 26(f) conference has occurred although Plaintiff attempted to meet on three occasions in September 2010.  Plaintiff points out that at a hearing held on September 19, 2010, the undersigned ordered that all communications between the parties be conducted through the mail and not in person due to the nature of the allegations in this case. Plaintiff asserts Defendants have not complied with discovery by failing to respond to his requests for production of documents and interrogatories.

Here, Plaintiff's requests for written discovery were not served in a timely manner.  As the court advised the parties at the October 19, 2010, hearing, discovery should be served so that the opposing party's response is due before the discovery cutoff.  The Discovery Plan and Scheduling Order (Dkt. #17) established January 28, 2011, as the discovery cut off date.  Therefore, Plaintiff was required to serve his discovery requests on or before December 29, 2010, in order for them to be considered timely.  The certificate of service attached to each of the interrogatories and requests for production of documents show that Plaintiff served written discovery on January 18, 2011–well after the deadline.  As a result, Plaintiff's motion to compel responses and for sanctions is denied.

/ / /

/ / /

/ / /

**IV.    Defendants' Countermotion to Stay (Dkt. #36).**

Defendants request this case be stayed pending resolution of their Motion to Dismiss (Dkt. #26). District Judge Pro denied Defendants' Motion to Dismiss (Dkt. #26) in an Order (Dkt. #33) entered February 2, 2011.  Therefore, Defendants' Countermotion to Stay (Dkt. #35) is denied as moot.

**V.    Plaintiff's Motion for Sanctions (Dkt. #40).**

Plaintiff seeks sanctions against the Defendants for engaging in an *ex parte* communication with the court.  Plaintiff asserts that Defendants filed an "*ex parte*" exhibit with the court. He contends Defendants never served him with a copy of the filing, and Plaintiff only discovered Defendants' filing when he checked the court docket five weeks later.

An *ex parte* communication is one which is "[d]one or made at the instance and for the benefit of one party only, and without notice to, or argument by, any person adversely interested." *Black's Law Dictionary* (9th ed. 2009).  Plaintiff is correct that Defendants did not serve the filing on him as required by Rule 5 of the Federal Rules of Civil Procedure.  However, Plaintiff was notified of the filing by the court.  The Notice of Electronic Filing was mailed to Plaintiff by the Clerk of Court on or about June 10, 2011.  *See* NEF, Dkt. #39. Given that Plaintiff was not prejudiced by Defendants' failure to serve him, the court finds sanctions are not warranted.  Defendants are reminded that, in the future, they are required to serve every filing they make on Plaintiff at his address listed on the court's docket. Failure to comply may result in sanctions.  Plaintiff's Motion for Sanctions (Dkt. #40) is denied.

For the reasons set forth above,

**IT IS ORDERED:**

1. Defendants' Motion for Sanctions (Dkt. #28) is DENIED.
2. Plaintiff's Motion to Compel (Dkt. #34) is DENIED.
3. Defendants' Countermotion to Stay (Dkt. #36) is DENIED AS MOOT.
4. Plaintiff's Motion for Sanctions (Dkt. #40) is DENIED.  Defendants are reminded that they are required to serve every filing they make on Plaintiff at the address listed on the court's docket.  Failure to comply may result in sanctions.

/ / /

/ / /

5. A pretrial and scheduling conference is scheduled for **Tuesday, November 1, 2011, at 10:00 a.m.** in Courtroom 3B.

Dated this 29th day of September, 2011.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE