UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RANDAL DOCK, on behalf of Jasminh Young-Dock,<br><br>Plaintiff,<br><br>vs.<br><br>MELINDA MARIE YOUNG, TERRANCE GLEN YOUNG,<br><br>Defendants. | 2:10-CV-00967-PMP-PAL<br><br>**FINDINGS OF FACT**<br>**AND**<br>**CONCLUSIONS OF LAW** |

On July 24 and 25, 2012, this case came on for trial before the Court sitting without a jury. Based upon the evidence adduced, and the arguments presented by Plaintiff and Defendant, each appearing pro-se, the Court hereby enters the following Findings of Fact and Conclusions of Law:

Plaintiff Randal Dock and Defendant Melinda Young are the parents of Jasminh Young-Dock ("Jasminh"), and have for several years been engaged in a hotly contested child custody and child support case in Nevada State Court. Defendant Terrance Young is Melinda's current husband. The dispute in this case arises from events commencing in August 2006 through the initiation of these proceedings in June 2010.

In his Amended Complaint (Doc. #41) filed December 7, 2010, Plaintiff alleges that following the filing of a motion to terminate child support in Nevada State Court on August 23, 2006, Defendant Melinda Young made allegations on September 11, 2006, that their daughter, Jasminh (who was three years old at the time), had stated

that the Plaintiff had touched her on her vaginal area with what she described as a "burning touch."  A medical examination that evening revealed no evidence of sexual abuse, but Defendant Melinda Young, and her current husband, Terrance Young, filed what Plaintiff claims is a "baseless" Temporary Protective Order motion in State Court.  Defendant Melinda Young also contacted the Las Vegas Metropolitan Police Department on September 11, 2006, and reported that Plaintiff had sexually abused Jasminh between September 6 and September 9, 2006.  Clark County Child Protective Services also investigated the matter on behalf of the Nevada State Court resulting in the issuance of a Temporary Protective Order which temporarily prohibited Plaintiff from contacting Jasminh or Melinda.  Plaintiff Dock further alleges that Defendants' allegation of sexual abuse of Jasminh resulted in his wrongful arrest and prosecution causing significant emotional distress until his acquittal of criminal charges on January 10, 2008.

Based on the foregoing events, Plaintiff alleges claims for violation of civil rights pursuant to 42 U.S.C. § 1983 damages from Defendants Melinda and Terrance Young.

At trial, only three witness were called to testify.  Defendant Terrance Young testified that he had no personal knowledge of the facts resulting in his wife's claim that Plaintiff Dock sexually abused Jasminh, but that he wanted to be supportive of his wife in connection with the filing of the motion for protective order.  Terrance Young further testified that he was never interviewed by Child Protective Services regarding the matter.

Defendant Melinda Young testified that her allegations against Plaintiff Dock were based upon what her three year-old daughter, Jasminh, told her.  She denies that the allegations were motivated by Plaintiff Dock's earlier filing of a motion to terminate child support, and further denied that she ever conspired with Child Protective Services Case Worker Lisa Ford to deprive Plaintiff Dock of any cognizable Constitutional rights. Melinda Young further testified that in making the allegations of sexual abuse on behalf of Jasminh, she did not consider the potential consequences of such allegations for Plaintiff

Dock, and testified that she was simply motivated by a desire to protect her daughter.

Plaintiff Dock testified that the claims of sexual abuse were groundless, and that it took him two years to clear his name and to reestablish his right to joint custody of his daughter, Jasmine.

Plaintiffs' federal claims, and the jurisdiction of this Court, depend upon the viability of Plaintiff Dock's contention that Clark County Protective Services Case Worker Lisa Ford functioned as a co-conspirator or agent of his former wife, Melinda Young, thereby establishing the requisite "state action" to support claims under 42 U.S.C.§ 1983. *Franklin v. Fox* 312 F. 3d 423 (9th Cir. 2002). The Court finds, however, that the evidence adduced at trial is simply insufficient to establish by a preponderance of the evidence that Defendant Melinda Young and Clark County Child Protective Services Case Worker Lisa Ford, or anyone else on behalf of the State of Nevada, or County of Clark, willfully participated in joint action to deprive Plaintiff Dock of a right secured by the Constitution or laws of the United States.

Additionally, there is little or no evidence that Defendant Terrance Young engaged in specific action intended to deprive Plaintiff Dock of any cognizable rights. Further, the evidence adduced at trial is simply insufficient for the Court to determine one way or the other whether Melinda Young's reporting of sexual abuse of Jasminh was motivated by a desire to wrongfully deprive Plaintiff of his rights to child custody, or was in response to Plaintiff Dock's earlier filed motion to terminate child support payments, or for some other improper purpose, or alternatively whether it was simply motivated, as she testified, by a desire to protect her three year-old daughter. Clearly the evidence has not demonstrated "an agreement or meeting of the minds to violate constitutional rights" between Defendant Melinda Young and Child Protective Services Case Worker Lisa Ford. *Crow v. City of San Diego* 608 F. 3d. 406, 440 (9th Cir. 2010).

The exhibits introduced at trial can be interpreted to favor the position of Plaintiff or Defendants, but the testimony of the only witnesses presented at trial is simply insufficient to enable the Court to determine that Plaintiff's claims are more probably true than not true. As a result, the Court concludes Plaintiff has failed to sustain his burden of proof, and further has failed to establish that this Court has jurisdiction to consider his claims under 42 U.S.C. § 1983.

**IT IS THEREFORE ORDERED** that judgment is entered in favor of Defendants and against Plaintiff with each Party being required to bear their own costs of suit.

DATED: January 3, 2013.

                                                  _____
                                                  PHILIP M. PRO
                                                  United States District Judge